**CALIFORNIA CONSUMER ATTORNEYS, P.C.**
Michael H. Rosenstein (SBN 169091)
mhr@calattorneys.com
Sepehr Daghighian (SBN 239349)
sd@calattorneys.com
Erik K. Schmitt (SBN 314285)
eks@calattorneys.com
10900 Wilshire Blvd., Suite 300
Los Angeles, CA 90024
Telephone:     (310) 872-2600
Facsimile:      (310) 730-7377

Attorneys for Plaintiffs,
**JOHN MATTHEW MONTENERO, JR.
AND KAREN LOUISE MONTENERO**

**MORGAN, LEWIS & BOCKIUS LLP**
Molly Moriarty Lane, Bar No. 149206
molly.lane@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA 94105
Tel:    +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Defendant,
**BMW OF NORTH AMERICA, LLC**

**MORGAN, LEWIS & BOCKIUS LLP**
Lisa R. Weddle, Bar No. 259050
lisa.weddle@morganlewis.com
Behrouz S. Arani, Bar No. 304501
behrouz.shareghiarani@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:    +1.213.612.2500
Fax:    +1.213.612.2501

Attorneys for Defendant,
**BMW OF NORTH AMERICA, LLC**

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MATTHEW MONTENERO, JR., an individual, and KAREN LOUISE MONTENERO, an individual, | Case No.: <u>3:20-cv-01106-SK</u> |
| Plaintiffs, | Assigned to U.S. Magistrate Judge Sallie Kim |
| vs. | **JOINT PROPOSED JURY INSTRUCTIONS** |
| BMW OF NORTH AMERICA, LLC, a Delaware Limited Liability Company, and DOES 1 through 10, inclusive, | First Amended Complaint Date Filed:  December 28, 2020 Trial:          October 5, 2021 |
| Defendants. | |

Plaintiffs John Matthew Montenero, Jr. and Karen Louise Montenero ("**Plaintiffs**") and Defendant BMW of North America, LLC ("**Defendant**" or "**BMWNA**"), (collectively, the "**Parties**") submit these Joint Jury Instructions:

Dated: August 20, 2021

**CALIFORNIA CONSUMER ATTORNEYS, P.C.**

By /s/ Erik K. Schmitt
    Michael H. Rosenstein, Esq.
    Sepehr Daghighian, Esq.
    Erik K. Schmitt, Esq.

    Attorneys for Plaintiffs:
    John Matthew Montenero, Jr. and
    Karen Louise Montenero

**MORGAN, LEWIS & BOCKIUS LLP**

By /s/ Behrouz Shareghi Arani
    Molly Moriarty Lane
    Lisa R. Weddle
    Behrouz Shareghi Arani

    Attorneys for Defendant:
    BMW of North America, LLC

JOINT PROPOSED JURY INSTRUCTIONS

# JOINT LIST OF SUBSTANTIVE JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.3 | 7 |
| 2. | Duty of Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.4 | 8 |
| 3. | Claims and Defenses | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.5 | 9 |
| 4. | Burden of Proof – Preponderance of the Evidence | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.6 | 10 |
| 5. | What is Evidence | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.9 | 11 |
| 6. | What is Not Evidence | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.10 | 12 |
| 7. | Evidence for Limited Purpose | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.11 | 13 |
| 8. | Direct and Circumstantial Evidence | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.12 | 14 |
| 9. | Ruling on Objections | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.13 | 15 |
| 10. | Credibility of Witnesses | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.14 | 16 |
| 11. | Conduct of the Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.15 | 18 |
| 12. | No Transcript Available to Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.17 | 20 |

JOINT PROPOSED JURY INSTRUCTIONS

| 13. | Taking Notes | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.18 | 21 |
|---|---|---|---|
| 14. | Questions to Witnesses by Jurors | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.19 | 22 |
| 15. | Bench Conferences and Recesses | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.20 | 23 |
| 16. | Outline of Trial | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 1.21 | 24 |
| 17. | Stipulations of Fact | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 2.2 | 25 |
| 18. | Impeachment Evidence – Witness | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 2.9 | 26 |
| 19. | Expert Opinion | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 2.13 | 27 |
| 20. | Charts and Summaries Not Received in Evidence | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 2.14 | 28 |
| 21. | Duty to Deliberate | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.1 | 29 |
| 22. | Consideration of Evidence – Conduct of the Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.2 | 30 |
| 23. | Communications with Court | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.3 | 32 |
| 24. | Readback or Playback | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.4 | 33 |
| 25. | Return of Verdict | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.5 | 34 |
| 26. | Deadlocked Jury | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.7 | 35 |

JOINT PROPOSED JURY INSTRUCTIONS

| 27. | Continuing Deliberations After Juror is Discharged | 9th Cir. Man. Of Model Jury Instr. (2017 Edition) 3.8 | 36 |
|---|---|---|---|
| 28. | Statements of a Party Opponent | CACI (November 2018) 212 | 37 |
| 29. | Opinion Testimony of Lay Witness | CACI (November 2018) 223 | 38 |
| 30. | Failure to Promptly Repurchase or Replace New Motor Vehicle After Reasonable Number of Repair Opportunities (Express Warranty Claim) – Essential Factual Elements (Civil Code § 1793.2(d)) | CACI 3201. | 39 |
| 31. | "Repair Opportunities" Explained | CACI 3202. | 40 |
| 32. | "Substantially Impaired" Explained | CACI 3204. | 41 |
| 33. | Failure to Begin Repairs Within Reasonable Time or To Complete Repairs Within 30 Days – Essential Factual Elements (Civil Code § 1793.2 (b)) | CACI 3205. | 42 |
| 34. | Breach of Implied Warranty of Merchantability – Essential Factual Elements | CACI 3210. | 43 |
| 35. | Duration of Implied Warranty | CACI 3212. | 44 |
| 36. | Continued Reasonable Use Permitted | CACI 3230. | 45 |
| 37. | Restitution from Manufacturer – New Motor Vehicle (Cal. Civ. Code § 1793.2(d)(2), 1794(b)) | CACI 3241;  Cal. Civ. Code § 1793.2(d)(2)(c). | 46 |
| 38. | Incidental Damages | CACI 3242 | 47 |
| 39. | Consequential Damages | CACI 3243 | 48 |
| 40. | Civil Penalty – Willful Violation (Civ. Code § 1794(c)) | CACI 3244. | 49 |

JOINT PROPOSED JURY INSTRUCTIONS

| 41. | Plaintiffs' Special Jury Instruction No. 1: Manufacturer's Duty to Promptly Offer Repurchase or Replacement | *See* Civ Code § 1793.2(a)-(d); <br><br> *See* Cal Civ. Code 1794(a)-(d); <br><br> *Lukather v. General Motors* (2010) 181 Cal. App. 4th 1041, 1050*;* <br><br> *Krotin v Porsche Cars North America, Inc.* (1995) 38 Cal. App. 4th. 294, 302-303 | 50 |
|---|---|---|---|
| 42. | Plaintiffs' Special Jury Instruction No. 2: Duration of Express Warranty | *See* Civ. Code § 1793.1(B)(2) | 51 |
| 43. | Plaintiffs' Special Jury Instruction No. 3: Definition of the term "Willful" | *Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174; <br><br> *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 136; Civil Code § 1794(c). | 52 |
| 44. | Plaintiffs' Special Jury Instruction No. 4: Definition of "Good Faith Decision" | *Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174; <br><br> *Lukather v General Motors LLC* 181 Cal.App.4th 1041 (2010) | 53 |
| 45. | Defendant's Special Jury Instruction No. 1: "Mere Fact of Repair Attempt is Not Evidence of Defect" | *Johnson v. Ford Motor Co.* (2005) 35 Cal.4th 1191 | |
| 46. | Defendant's Special Jury Instruction No. 2: "Remedy for Breach of Implied Warranty" | Civil Code Section 1791.1(c); Commercial Code Section 2-608; Commercial Code Section 2-714; *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.App.4th 1246, 90 P.3d 752; *Isip v. Mercedes Benz* | |

| | | *USA LLC* (2007) 155 Cal.App.4th 19. | |
|---|---|---|---|

**STIPULATED INSTRUCTION NO. 1 RE: DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF TRIAL BUT**

**DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury:  You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions or anything I may say or do that I have an opinion regarding the evidence or what your verdict should be.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.3.

**STIPULATED INSTRUCTION NO. 2 RE: DUTY OF JURY**
**(COURT READS AND PROVIDES WRITTEN INSTRUCTIONS**
**AT END OF CASE)**

Members of the jury:  Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

Please do not read into these instructions or anything I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.4.

**STIPULATED INSTRUCTION NO. 3 RE: CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

Plaintiffs John and Karen Montenero claim that BMW of North America, LLC failed to promptly repurchase or replace their 2012 Mini Countryman S after a reasonable number of repair opportunities, in violation of the Song-Beverly Consumer Warranty Act, California's lemon law. Plaintiffs contend the vehicle had defects that substantially impaired the vehicle's use, safety, or value, and that the vehicle was not repaired to conform to the terms of the express and implied warranties.

Plaintiffs seek restitution and civil penalties, because they contend that BMW of North America, LLC acted willfully in its failure to offer to repurchase or replace his defective vehicle.

BMW of North America, LLC contends that it complied with all aspects of the Song-Beverly Consumer Warranty Act in providing warranty repairs. BMW of North America, LLC further contends that the 2012 Mini Countryman S did not qualify for repurchase. BMW of North America, LLC contends that it did not willfully violate Beverly-Song Act and no civil penalty is warranted.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.5.

**STIPULATED INSTRUCTION NO. 4 RE: BURDEN OF PROOF –**
**PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.6.

## STIPULATED INSTRUCTION NO. 5 RE: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.     the sworn testimony of any witness;

2.     the exhibits that are admitted into evidence;

3.     any facts to which the lawyers have agreed; and

4.     any facts that I may instruct you to accept as proved.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.9.

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 6 RE: WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.    Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3.    Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4.    Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.10.

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 7 RE: EVIDENCE FOR LIMITED PURPOSE

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.11.

JOINT PROPOSED JURY INSTRUCTIONS

## STIPULATED INSTRUCTION NO. 8 RE: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.12.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 9 RE: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.13.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 10 RE: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    the opportunity and ability of the witness to see or hear or know the things testified to;

2.    the witness's memory;

3.    the witness's manner while testifying;

4.    the witness's interest in the outcome of the case, if any;

5.    the witness's bias or prejudice, if any;

6.    whether other evidence contradicted the witness's testimony;

7.    the reasonableness of the witness's testimony in light of all the evidence; and

8.    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

JOINT PROPOSED JURY INSTRUCTIONS

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.14.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 11 RE: CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make

any investigation or in any other way try to learn about the case on your own. Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.15.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 12 RE: NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given. During deliberations, you will not have a transcript of the trial testimony.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.17.

**STIPULATED INSTRUCTION NO. 13 RE: TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.18.

JOINT PROPOSED JURY INSTRUCTIONS

# STIPULATED INSTRUCTION NO. 14 RE: QUESTIONS TO WITNESSES BY JURORS

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.19.

JOINT PROPOSED JURY INSTRUCTIONS

# STIPULATED INSTRUCTION NO. 15 RE: BENCH CONFERENCES AND RECESSES

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.20.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 16 RE: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The Plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 1.21.

JOINT PROPOSED JURY INSTRUCTIONS

# STIPULATED INSTRUCTION NO. 17 RE: STIPULATIONS OF FACT

The parties have agreed to certain facts to be placed in evidence as that will be read to you. You must therefore treat these facts as having been proved.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 2.2.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 18 RE: IMPEACHMENT EVIDENCE -
WITNESS**

The evidence that a witness testified differently at trial and at deposition may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 2.9.

## STIPULATED INSTRUCTION NO. 19 RE: EXPERT OPINION

You are about to hear testimony from expert witnesses who will testify to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 2.13.

**STIPULATED INSTRUCTION NO. 20 RE: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not admitted into evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 2.14.

**STIPULATED INSTRUCTION NO. 21 RE: DUTY TO DELIBERATE**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.1.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 22 RE: CONSIDERATION OF EVIDENCE –**
**CONDUCT OF THE JURY**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone, tablet, computer, or any other means,  via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use Internet programs or other devices to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have

been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court.  Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process.  If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process.  Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial.  Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.2.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 23 RE: COMMUNICATIONS WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.3.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 24 RE: READBACKS OR PLAYBACKS**

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.4.

## **STIPULATED INSTRUCTION NO. 25 RE: RETURN OF VERDICT**

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.5.

**STIPULATED INSTRUCTION NO. 26 RE: DEADLOCKED JURY**

Members of the jury, you have advised that you have been unable to agree upon a verdict in this case. I have decided to suggest a few thoughts to you.

As jurors, you have a duty to discuss the case with one another and to deliberate in an effort to reach a unanimous verdict if each of you can do so without violating your individual judgment and conscience. Each of you must decide the case for yourself, but only after you consider the evidence impartially with the other jurors. During your deliberations, you should not be unwilling to reexamine your own views and change your opinion if you become persuaded that it is wrong. However, you should not change an honest belief as to the weight or effect of the evidence solely because of the opinions of the other jurors or for the mere purpose of returning a verdict.

All of you are equally honest and conscientious jurors who have heard the same evidence. All of you share an equal desire to arrive at a verdict. Each of you should ask yourself whether you should question the correctness of your present position.

I remind you that in your deliberations you are to consider the instructions I have given you as a whole. You should not single out any part of any instruction, including this one, and ignore others. They are all equally important.

You may now return to the jury room and continue your deliberations.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.7.

**STIPULATED INSTRUCTION NO. 27 RE: CONTINUING DELIBERATIONS**
**AFTER JUROR IS DISCHARGED**

[One] [some] of your fellow jurors [has] [have] been excused from service and will not participate further in your deliberations. You should not speculate about the reason the [juror is] [jurors are] no longer present.

You should continue your deliberations with the remaining jurors. Do not consider the opinions of the excused [juror] [jurors] as you continue deliberating. All the previous instructions given to you still apply, including the requirement that all the remaining jurors unanimously agree on a verdict.

9th Cir. Man. Of Model Jury Inst. (2017 Edition) 3.8.

JOINT PROPOSED JURY INSTRUCTIONS

# I. **STIPULATED INSTRUCTION NO. 28 RE:** STATEMENTS OF A PARTY OPPONENT

A party may offer into evidence any oral or written statement made by an opposing party outside the courtroom.

When you evaluate evidence of such a statement, you must consider these questions:

1.     Do you believe that the party actually made the statement?  If you do not believe that the party made the statement, you may not consider the statement at all.

2.     If you believe that the statement was made, do you believe it was reported accurately?

You should view testimony about an oral statement made by a party outside the courtroom with caution.

Judicial Council of California Civil Jury Instructions (July 2020 Update) 212.

**STIPULATED INSTRUCTION NO. 29 RE: OPINION TESTIMONY OF LAY WITNESS**

A witness who was not testifying as an expert gave an opinion during the trial. You may, but are not required to, accept that opinion. You may give the opinion whatever weight you think is appropriate.

Consider the extent of the witness's opportunity to perceive the matters on which the opinion is based, the reasons the witness gave for the opinion, and the facts or information on which the witness relief in forming that opinion. You must decide whether information on which the witness relied was true and accurate. You may disregard all or any party of an opinion that you find unbelievable, unreasonable, or unsupported by the evidence.

Judicial Council of California Civil Jury Instructions (July 2020 Update) 223.

JOINT PROPOSED JURY INSTRUCTIONS

**STIPULATED INSTRUCTION NO. 30 RE:  FAILURE TO PROMPTLY REPURCHASE OR REPLACE NEW MOTOR VEHICLE AFTER REASONABLE NUMBER OF REPAIR OPPORTUNITIES – ESSENTIAL FACTUAL ELEMENTS**
**(Civil Code § 1793.2(d))**

John and Karen Montenero claim that BMW of North America, LLC failed to promptly repurchase or replace a 2012 Mini Countryman S after a reasonable number of repair opportunities.  To establish this claim, John and Karen Montenero must prove all of the following:

1.     That John and Karen Montenero bought a 2012 Mini Countryman S distributed by BMW of North America, LLC;

2.     That BMW of North America, LLC gave John and Karen Montenero a written warranty which covered defects in materials or workmanship for 4 years or 50,000 miles, whichever came first, and certain emissions warranties mandated by state and federal law;

3.     That the vehicle had a defect or defects that were covered by the warranty and that substantially impaired its use, value, or safety to a reasonable person in John and Karen Montenero's situation;

4.     That John and Karen Montenero delivered the vehicle to BMW of North America, LLC or its authorized repair facility for repair of the defect or defects;

5.     That BMW of North America, LLC or its authorized repair facility failed to repair the vehicle to match the written warranty after a reasonable number of opportunities to do so; and

6.     That BMW of North America, LLC did not promptly replace or buy back the vehicle.

CACI 3201.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

41

**STIPULATED INSTRUCTION NO. 31 RE: "REPAIR OPPORTUNITIES"**

**EXPLAINED**

Each time the 2012 Mini Countryman S was given to BMW of North America, LLC or its authorized repair facility for repair counts as an opportunity to repair, even if they did not do any repair work.

In determining whether BMW of North America, LLC had a reasonable number of opportunities to fix the 2012 Mini Countryman S, you should consider all the circumstances surrounding each repair visit. BMW of North America, LLC or its authorized repair facility must have been given at least two opportunities to fix the 2012 Mini Countryman S.

CACI 3202.

## STIPULATED INSTRUCTION NO. 32 RE: "SUBSTANTIALLY IMPAIRED" EXPLAINED

In deciding whether a reasonable person would believe that the vehicle's defect(s), if any, substantially impaired the vehicle's use, value, or safety, you may consider, among other factors, the following:

(a)     The nature of the defect(s);

(b)     The cost and length of time required for repair;

(c)     Whether past repair attempts have been successful;

(d)     The degree to which the vehicle could be used while awaiting repair; and

(e)     The availability and cost of comparable transportation during the repairs.

CACI 3204

**STIPULATED INSTRUCTION NO. 33 RE:    FAILURE TO BEGIN REPAIRS WITHIN REASONABLE TIME OR TO COMPLETE REPAIRS WITHIN 30 DAYS – ESSENTIAL FACTUAL ELEMENTS  (Civil Code § 1793.2(b)**

John and Karen Montenero claim that they were harmed because BMW of North America, LLC failed to repair the 2012 Mini Countryman S within 30 days.  To establish this claim, John and Karen Montenero must prove all of the following:

1.    That John and Karen Montenero bought a 2012 Mini Countryman S distributed by BMW of North America, LLC;

2.    That BMW of North America, LLC gave John and Karen Montenero a written warranty which covered defects in materials or workmanship for 4 years or 50,000 miles, whichever came first, and certain emissions warranties mandated by state and federal law;

3.    That the 2012 Mini Countryman S had a defect or defects that were covered by the warranty;

4.    That BMW of North America, LLC or its authorized repair facility failed to complete repairs within 30 days so as to conform to the applicable warranties.

CACI 3205.

# STIPULATED INSTRUCTION NO. 34 RE: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY – ESSENTIAL FACTUAL ELEMENTS

John and Karen Montenero claim that the 2012 Mini Countryman S did not have the quality that a buyer would reasonably expect. This is known as "breach of an implied warranty." To establish this claim, John and Karen Montenero must prove all of the following:

1. That John and Karen Montenero bought a 2012 Mini Countryman S manufactured by BMW of North America, LLC;

2. That at the time of purchase, BMW of North America, LLC was in the business of selling new motor vehicles to retail buyers;

3. That the 2012 Mini Countryman S was not of the same quality as those generally acceptable in the trade, or was not fit for the ordinary purposes for which such goods are used, or did not measure up to the promises or facts stated on the container or label;

4. That John and Karen Montenero were harmed; and

5. That BMW of North America, LLC's breach of the implied warranty was a substantial factor in causing John and Karen Montenero's harm.

CACI 3210.

# STIPULATED INSTRUCTION NO. 35 RE: DURATION OF IMPLIED WARRANTY

An implied warranty is in effect for one year after the sale of a new motor vehicle, unless a shorter period is stated in a writing that comes with the new motor vehicle, provided that the shorter period is reasonable. In no event will an implied warranty be in effect for less than 60 days.

CACI 3212.

1   **STIPULATED INSTRUCTION NO. 36 RE:  CONTINUED REASONABLE USE**
2   **PERMITTED**
3
4       The fact that John and Karen Montenero continued to use the 2012 Mini
5   Countryman S after delivering it for repair does not waive their right to demand
6   replacement or reimbursement.  Nor does it reduce the amount of damages that you should
7   award to John and Karen Montenero if you find that they have proved their claim against
8   BMW of North America, LLC.
9
10  CACI 3230.

**STIPULATED INSTRUCTION NO. 37 RE: RESTITUTION FROM**

**MANUFACTURER—NEW MOTOR VEHICLE**

**(Civil Code §§ 1793.2(d)(2), 1794(b))**

If you decide that BMW of North America, LLC or its authorized repair facility failed to repair the defect after a reasonable number of opportunities, then John and Karen Montenero are entitled to recover the amounts they prove they paid for the vehicle, including:

1.    The amount paid to date for the vehicle, including finance charges.

2.    Charges for transportation and manufacturer-installed options; and

3.    Sales tax, use tax, license fees, registration fees, and other official fees.

In determining the purchase price, do not include any charges for items supplied by someone other than BMW of North America, LLC.

John and Karen Montenero's recovery must be reduced by the value of the use of the vehicle before it was brought in for repair. BMW of North America, LLC must prove how many miles the vehicle was driven between the time when John and Karen Montenero took possession of the vehicle and the time when John and Karen Montenero first delivered it to BMW of North America, LLC or its authorized repair facility to fix the defect or defects.

Multiply this mileage number by the purchase price, including any charges for transportation and manufacturer-installed options, and divide that amount by 120,000. Deduct the resulting amount from John and Karen Montenero's recovery.

CACI 3241; Civil Code § 1793.2(d)(2)(C).

**STIPULATED INSTRUCTION NO. 38 RE:  INCIDENTAL DAMAGES**

John and Karen Montenero also claim additional reasonable expenses for expenses incurred with respect to the vehicle, including registration, insurance, additional reasonable expenses for repairs either not paid, or not fully paid, by BMW of North America, LLC, and a replacement vehicle.

To recover these expenses, John and Karen Montenero must prove all of the following:

1.      That the expense was actually charged;

2.      That the expense was reasonable; and

3.      That BMW of North America, LLC's breach of warranty was a substantial factor in causing the expense.

CACI 3242; Civ. Code  1794(b)

# II. **STIPULATED INSTRUCTION NO. 39 RE:** CONSEQUENTIAL DAMAGES

John and Karen Montenero also claim additional amounts for expenses incurred with respect to the vehicle, including registration, insurance, additional reasonable expenses for repairs either not paid, or not fully paid, by BMW of North America, LLC, and a replacement vehicle.

1. That BMW of North America, LLC's breach of written warranty was a substantial factor in causing damages to John and Karen Montenero;

2. That the damages resulted from John and Karen Montenero's requirements and needs;

3. That BMW of North America, LLC had reason to know of those requirements and needs at the time of the sale to John and Karen Montenero;

4. That John and Karen Montenero could not reasonably have prevented the damages; and

5. The amount of the damages.

CACI 3243; Civ. Code  1794(b)

**STIPULATED INSTRUCTION NO. 40 RE:** CIVIL PENALTY – WILLFUL
VIOLATION
**(Civil Code § 1794(c))**


    John and Karen Montenero claim that BMW of North America, LLC's failure to repurchase or replace the vehicle after a reasonable number of repair opportunities was willful and therefore asks that you impose a civil penalty against BMW of North America, LLC. A civil penalty is an award of money in addition to plaintiffs' damages. The purpose of this civil penalty is to punish a defendant or discourage it from committing violations in the future.

    If John and Karen Montenero have proved that BMW of North America, LLC's failure was willful, you may impose a civil penalty against it. The penalty may be in any amount you find appropriate, up to a maximum of two times the amount of John and Karen Montenero's actual damages.

    "Willful" means that BMW of North America, LLC knew of its legal obligations and intentionally declined to follow them. However, a violation is not willful if you find that BMW of North America, LLC reasonably and in good faith believed that the facts did not require BMW of North America, LLC to repurchase or replace the vehicle.

CACI 3244; Civ. Code § 1794(c).

# DISPUTED INSTRUCTION NO. 41 RE:

## MANUFACTURER'S DUTY TO PROMPTLY OFFER REPURCHASE OR REPLACEMENT,

## OFFERED BY PLAINTIFFS

If you find that the vehicle had nonconformities that substantially impaired the use, value or safety of the vehicle that BMW of North America, LLC and its agents failed to repair within a reasonable number of repair attempts, then BMW of North America, LLC had the duty to promptly offer repurchase or replacement of the vehicle.

BMW of North America, LLC has an affirmative duty to offer a repurchase or replacement of John and Karen Montenero's vehicle. There is no requirement that John and Karen Montenero request a repurchase or replacement of his vehicle in order to trigger BMW of North America, LLC's duty to promptly repurchase or replace the vehicle.

*See* Civ Code §§ 1793.2(a)-(d); 1794(a)-(d); *Lukather v. General Motors* (2010) 181 Cal. App. 4th 1041, 1050*; Krotin v Porsche Cars North America, Inc.* (1995) 38 Cal. App. 4th. 294, 302-303

III.DISPUTED INSTRUCTION NO. 42 RE:

**DURATION OF EXPRESS WARRANTY**

**OFFERED BY PLAINTIFFS**

The vehicle's warranty is extended by any period of time in which the vehicle is out of service for any warranty repairs. If a defect exists within the warranty period, the warranty will not expire until that defect has been fixed.

Civ. Code § 1793.1(B)(2)

# DISPUTED INSTRUCTION NO. 43 RE:
# DEFINITION OF THE TERM "WILLFUL"
# OFFERED BY PLAINTIFFS

The word "willful" does not necessarily imply anything blamable, or any malice or wrong toward the other party, or perverseness or moral delinquency, but merely that the thing done or omitted to be done was done or omitted intentionally. It amounts to nothing more than this: That the person knows what he is doing, intends to do what he is doing, and is a free agent.  Also, a decision made by BMW of North America, LLC without the use of reasonably available information germane to that decision is not a reasonable, good faith decision.

If you find that BMW of North America, LLC willfully refused to comply with the Song-Beverly Consumer Warranty Act or implemented policies to circumvent the act, then you may award a civil penalty against BMW of North America, LLC in an amount not to exceed two times the amount of actual damages John and Karen Montenero are awarded.

*Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174; *Jensen v. BMW of North America, Inc.* (1995) 35 Cal.App.4th 112, 136; Civil Code § 1794(c).

**DISPUTED INSTRUCTION NO. 44 RE:**

**DEFINITION OF "GOOD FAITH DECISION"**

**OFFERED BY PLAINTIFFS**

In order for BMW of North America, LLC to prove that it did not act willfully in making its repurchase decision, it must demonstrate that it made use of all of the information that is reasonably available to it. A decision made without the use of reasonably available information germane to that decision is not a reasonable, good faith decision.

*Kwan v. Mercedes Benz of North America* (1994) 23 Cal.App.4th 174; *Lukather v. General Motors LLC* 181 Cal.App.4th 1041 (2010)

**DISPUTED INSTRUCTION NO. 45 RE: MERE FACT OF REPAIR ATTEMPT IS**
**NOT EVIDENCE OF DEFECT**
**OFFERED BY DEFENDANT**


The mere fact that BMW of North America, LLC's authorized service facilities provided service in response to any complaint regarding the 2012 Mini Countryman S, VIN WMWZC5C57CWL61002 is not evidence that a defect existed in the vehicle. You are to decide the existence of a defect based upon the totality of the evidence.

*Johnson v. Ford Motor Co.* (2005) 35 Cal.4th 1191

**DISPUTED INSTRUCTION NO. 46 RE: REMEDY FOR BREACH OF IMPLIED
WARRANTY
OFFERED BY DEFENDANT**

If you find that John and Karen Montenero have proven a breach of the implied warranty of merchantability, then you must decide what damages, if any, they are entitled to recover. The measure of damages depends on whether John and Karen Montenero timely revoked acceptance of the 2012 Mini Countryman S, VIN WMWZC5C57CWL61002 ("vehicle") before substantial change in the condition of the vehicle.

To establish timely revocation, John and Karen Montenero must prove that they provided notice of revocation to BMW of North America, LLC within a reasonable time after they discovered, or could have discovered, the defect or defects which rendered the vehicle unmerchantable, and before any substantial change in the condition of the vehicle not caused by its own defect or defects.

If you find that John and Karen Montenero timely revoked acceptance before substantial change in the condition of the vehicle, the measure of damages is the amount paid or payable for the vehicle by John and Karen Montenero and any incidental damages caused by the breach.

If you find that John and Karen Montenero did not timely revoke acceptance before substantial change in the condition of the vehicle, the measure of damages is the difference, at the time and place of acceptance, between the fair market value of the vehicle accepted and the fair market value which the vehicle would have had if it had been as warranted.

Civil Code Section 1791.1(c); Commercial Code Section 2-608; Commercial Code Section 2-714; *Gavaldon v. DaimlerChrysler Corp.* (2004) 32 Cal.App.4th 1246, 90 P.3d 752; *Isip v. Mercedes Benz USA LLC* (2007) 155 Cal.App.4th 19.